UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK COOPER,

               Plaintiff,

      v.

UPSTAIRS, DOWNSTAIRS OF NEW YORK, INC., MICHAEL GRUMMONS, ROBERT DE BENEDICITS, AND PAUL GALLUCCIO,

               Defendants.

18-Cv-6426 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Mark Cooper brought this civil rights action against his former employer and former supervisor alleging that he was discriminated against on the basis of his perceived sexual orientation in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. The case went to trial before a jury, which found in Cooper's favor solely as to his New York State and New York City hostile work environment claims against his former supervisor. The jury awarded Cooper $6,500 in punitive damages pursuant to the New York City Human Rights Law but did not award him any compensatory damages.

    Cooper now contends that because the jury awarded him punitive damages but no compensatory damages, he is entitled to a new trial on damages only. (ECF No. 122.) He also contends that if the Court does not grant his motion for a new trial on damages, he is entitled to prevailing party attorneys' fees and costs. (*Id.*) Defendants also seek attorneys' fees and costs for their successful defense of Cooper's Title VII claims. (ECF No. 130.) For the reasons set forth below, Cooper's motion for a new trial is denied; Cooper's motion for attorneys' fees and costs is granted; defendants' motions for attorneys' fees and expert fees are denied; and defendants' motion for costs is granted.

**I. BACKGROUND**

    Cooper filed this civil rights action against Upstairs, Downstairs of New York, Inc.; Michael Grummons; Robert De Benedicits; and Paul Galluccio. Upstairs, Downstairs "does business as the 'Townhouse Bar of New York'" (First Am. Compl. (FAC) ¶¶ 6-7, ECF No. 16), and is described by plaintiff as "a gay environment" (Cooper Dep. 220:3-7). Cooper was formerly the doorman at the Townhouse Bar. (FAC ¶ 14.) The three individual

defendants are all part owners of the establishment. Grummons was Cooper's direct supervisor and the primary focus of his allegations.

Cooper alleged that while employed as a doorman at the Townhouse Bar, Grummons repeatedly sexually harassed him in violation of federal, New York State, and New York City anti-discrimination laws. (*Id.* ¶¶ 59-103.) He claimed that both Grummons and Upstairs, Downstairs created and maintained a hostile work environment based on their perception of his gay sexual orientation and that that orientation was a motivating factor in the decision of Grummons and Upstairs, Downstairs to discharge plaintiff. (*Id.*) He also maintained that Grummons ordered him to mop floors, vacuum, and wash windows—duties not normally assigned to the doorman—in retaliation for Cooper having rejected Grummons' repeated and explicit sexual advances. (*Id.* ¶¶ 50-51.) Cooper sought such statutory damages as lost wages, back pay, and front pay, as well as $8 million in compensatory and punitive damages. (ECF No. 131 Ex. K.)

After approximately one year of discovery proceedings and motion practice before Judge Gregory Woods—during which several of Cooper's eleven claims were dismissed by Judge Woods or withdrawn by Cooper—the action was transferred to this Court. Defendants made offers of judgment under Federal Rule of Civil Procedure 68 for $50,000 first on March 23, 2019, and again one month later on April 23, 2019. (*See* Shanahan Supp. Decl. Exs. A-B, ECF No. 131.) Plaintiff rejected both offers.

The case went to trial before a jury in early February 2020. During the trial, Cooper voluntarily dismissed his claims against defendants De Benedicits and Galluccio. (*See* ECF No. 120.) Thus, the remaining defendants were Upstairs, Downstairs and Grummons. The trial testimony focused on Grummons' statements and actions. On February 5, the jury found in favor of Cooper solely as to his New York State and New York City hostile work environment claims against Grummons, and awarded Cooper solely $6,500 in punitive damages; the jury did not award him any compensatory damages. The jury also rendered a verdict in favor of defendant Upstairs, Downstairs on each of Cooper's claims, including his Title VII claims. (ECF No. 121.)

## II. PLAINTIFF'S MOTION FOR A NEW TRIAL IS DENIED

Cooper now contends that because the jury awarded him punitive damages but no compensatory damages, he is entitled to a new trial on damages only.

The U.S. Court of Appeals for the Second Circuit has held that a plaintiff suing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, may recover limited statutory punitive damages absent an award of either nominal damages or compensatory damages. *Cush-Crawford v. Adchem Corp.*, 271 F.3d 352, 357 (2d Cir. 2001). Under the New

2

York State Human Rights Law ("NYSHRL") juries cannot award punitive damages absent a finding of some compensatory injury. *See Virgilio v. City of New York*, 407 F.3d 105, 117 (2d Cir. 2005); *Thoreson v. Penthouse Int'l*, 80 N.Y.2d 490 (1992); *Hubbell v. Trans World Life Ins. Co.*, 50 N.Y.2d 899 (1980). However, whether a jury may award punitive damages without also awarding compensatory damages under the New York *City* Human Rights Law ("NYCHRL") is unsettled in this district and circuit.

The plain language of the New York City Human Rights Law does not expressly establish whether punitive damages are available absent an award of compensatory damages; in addition, no state legislation precludes such a recovery. *See* N.Y.C. Admin. Code § 8-126. To the Court's knowledge, no New York state court has directly addressed this issue.

This Court concludes that a jury may award punitive damages under the NYCHRL absent the issuance of compensatory damages. The First Department of the Appellate Division, New York Supreme Court, has specifically held that the City has authority under the state constitution to create a private cause of action for unlawful discrimination with punitive damages as a remedy, which was not inconsistent with the State human rights law. *Bracker v. Cohen*, 204 A.D.2d 115 (1st Dep't 1994). Moreover, as that court later pointed out, "[t]he State and City Human Rights Laws apply the same Federal standards for determining *quid pro quo* and hostile environment sexual harassment claims, and differ only in that the City law allows for the recovery of punitive damages." *Walsh v. Covenant House*, 244 A.D.2d 214 (1st Dep't 1997).

The fact that the City, unlike the state, specifically opted to allow for recovery of punitive damages in cases brought under the NYCHRL is revealing. So is the fact that New York state appellate courts have affirmed judgments in which the ratio between punitive damages and compensatory was notably high. *See, e.g.*, *Diggs v. Oscar De La Renta, LLC*, 94 N.Y.S.3d 574 (2d Dep't 2019) (affirming jury award to former employee of $2,940 in compensatory damages and $28,500 in punitive damages for employment discrimination on the basis of race in violation of the NYSHRL and NYCHRL). That certainly supports the conclusion that an award of punitive damages under the NYCHRL is not contingent on an award of compensatory damages.

Indeed, this Court specifically instructed the jury that "[p]unitive damages are not available in employment discrimination cases brought under New York State Human Rights Law, but they are recoverable under the New York City [Human Rights Law], which offers broader protection than the New York State Human Rights Law." (Jury Charge at 22.) While the jury found that defendant Grummons violated both New York State and New York City human rights laws, it awarded punitive damages, as per the Court's charge,

3

solely under New York City law. Cooper contends that "[while] the Court instructed the jury on compensatory and punitive damages[,] [it] did not provide direction as to whether the jury needed to find compensatory *before* finding punitive damages." (Pl.'s Mem. at 4, ECF No. 123.) But absent specific authority dictating that compensatory damages are prerequisites to the award of punitive damages under the NYCHRL, there was no reason for the Court to make such an instruction and none was requested.

Here, Cooper believes the Second Circuit's decision in *Action House, Inc. v. Koolik*, 54 F.3d 1009 (2d Cir. 1995), entitles him to a new trial. He is incorrect. *Action House* is clearly distinguishable. First, that case involved simply New York common law claims, and not, as here, New York City laws. Second, each of the three panel judges in *Action House* wrote separate opinions that reflected little agreement. Last, one of the judges noted that the jury charge was susceptible to the interpretation that the jury was being instructed to award *either* compensatory *or* punitive damages.

The Court denies plaintiff's request for a new trial on damages.

### III. Plaintiff's Motion for Attorneys' Fees and Costs

#### A. Legal Standard

The NYCHRL provides that a court, "in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs." N.Y.C. Admin. Code § 8-502(g). Here, plaintiff is the "prevailing party" for purposes of the NYCHRL, *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), since the prevailing party is the party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." Plaintiff sought $8 million in compensatory and punitive damages (*see* Shanahan Supp. Decl. Ex. K ¶ 2(b)), but even though "[p]laintiff lost on the vast majority of [his] claims and recovered just a fraction of the damages [he] sought, [his] limited success does not affect [his] status as a 'prevailing party.'" *Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp. 3d 363, 367 (S.D.N.Y. 2015). Cooper seeks $61,075 in attorneys' fees and costs of $8,537. (*See* Pl.'s Mem. at 12.) Thus, Cooper is entitled to costs and his "reasonable attorney's fees" as the prevailing party pursuant to the NYCHRL. However, because plaintiff rejected defendant's Rule 68 Offer of Judgment and later obtained a judgment that was less favorable than the offer he rejected, his claims must be adjusted accordingly.

"Ordinarily, the starting point for calculating a fee award is the lodestar method, which multiplies the number of hours the prevailing party's attorney expended on the case by the

4

reasonable hourly rate charged for similar work by attorneys of like skill in the jurisdiction." *Marchuk*, 104 F. Supp. 3d at 366 (citing *Perdue v. Kenny A.,* 559 U.S. 542 (2010)).

However, "the evaluation of reasonable attorneys' fees and the cutting of fees . . . lie within the sound discretion of the court," *Shannon v. Fireman's Fund Ins. Co.,* 156 F. Supp. 2d 279, 298 (S.D.N.Y. 2001), and the lodestar may be adjusted "in light of more subjective factors, such as the risk of the litigation, the complexity of the issues, and the skill of the attorneys." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1140 (2d Cir. 1983). In addition, the "presumptively reasonable fee may be reduced to account for a plaintiff's limited success." *Castillo v. Time Warner Cable,* 2013 WL 1759558, at *3 (S.D.N.Y. Apr. 24, 2013) (internal quotation marks and citation omitted).

### B. Rule 68 Offers of Judgment

Federal Rule of Civil Procedure 68 provides in relevant part that:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Rule 68 is "a cost-shifting [mechanism] designed to encourage settlements without the burdens of additional litigation." *Stanczyk v. City of New York,* 752 F.3d 273, 280 (2d Cir. 2014). Thus,

> a prevailing plaintiff may not recover from the defendant attorney's fees and costs accrued after an Offer of Judgment is served if the Offer exceeds the sum of the plaintiff's ultimate recovery plus the amount of fees and costs accrued by the plaintiff as of the time of the Offer.

*Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 58 (2d Cir. 2012) (citing *Marek v. Chesny,* 473 U.S. 1, 11-12 (1985)).

Here, defendants served Cooper with a Rule 68 Offer of Judgment on March 23, 2019 in the amount of $50,000 plus "legitimate and reasonable costs to date." (Shanahan Supp. Decl. Ex. A.) The offer stated that the "amount of 50,000.00 [would] be paid to the Office of Child Support Enforcement, the United States Treasury, New York State Department of Taxation and Finance and Department of Health and Human Services, Medicare-Medicaid Fraud Enforcement Office, on behalf of Plaintiff Mark Cooper." (*Id.*) Defense counsel claims that since Cooper has outstanding child support and tax liens in excess of $6,095 plus accumulated statutory interest (*see* Shanahan Reply. Decl. ¶¶ 5-8, ECF No. 129), defendants

could not transmit funds directly to Cooper without violating both New York state and federal law (Shanahan Opp'n Decl. ¶¶ 12-39, ECF No. 126). Plaintiff asserts that he rejected that offer, "as it was not to [his] benefit but to the benefit of third parties." (Pl.'s Mem. at 9.)

Defendants subsequently made another offer pursuant to Rule 68 on April 23, 2019, which plaintiff also rejected. That offer stated:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants offer to allow judgment to be taken against Upstairs, Downstairs of New York, Inc., in the amount of $50,000.00, fifty-thousand dollars. The offer of judgment includes interest, attorney's fees, and costs accrued to the date of acceptance. This offer of judgment is made for the purposes specified in Rule 68 and is not to be construed as an admission of liability or that the plaintiff has suffered any damages.

(Cabeceiras Supp. Decl. ¶ 8, ECF No. 124.) Plaintiff now contends that the April 23rd Rule 68 Offer of Judgment was "confusing" and "defective" (Pl.'s Mem. at 10.), because "the plain text . . . is for judgment against Upstairs, Downstairs of New York, Inc. exclusively," but only Grummons was found liable (*Id.* at 9).

This Court finds that offer to be neither confusing nor defective. First, the offer itself states that it was made on behalf of all defendants, not just Upstairs, Downstairs. Second, the text of Rule 68 counsels against Cooper's proposed reading. Rule 68(a) permits "a party defending against a claim [to] serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). As the Second Circuit has explained,

> Nothing in this language appears to require that the defending party's (or parties') offer must permit taking judgment against every defending party. To the contrary, the Rule provides the defending party with discretion to 'allow judgment on specified terms,' terms which we believe need not include taking judgment against each defendant.

*Stanczyk*, 752 F.3d at 283. In *Stanczyk v. City of New York*, plaintiff sued the City of New York and several police officers under 42 U.S.C. § 1983 for using excessive force against her in the course of arresting her. Prior to trial, the defense counsel served plaintiff with a Rule 68 Offer of Judgment offering to allow Stanczyk to take a judgment against the City of New York for $150,001, plus fees and costs. Plaintiff rejected that offer. The action went to trial

6

before a jury, which awarded plaintiff $55,000 in compensatory damages and $2,000 in punitive damages against each officer. *Id.* at 275-77.

On appeal, Stanczyk argued that the Rule 68 offer was ineffective because by its terms, it applied to a judgment against the City, but not against the officers.[1] However, the trial court and the Second Circuit both agreed that the offer "as a practical matter, 'applied to all defendants.'" *Id.* at 283. There is no reason to think otherwise here, and Cooper submits no reasoning apart from an inference that the words of the offer itself applies only to an award to Upstairs, Downstairs but not to an award to Grummons. Just as in *Stanczyk*, this Court rejects that interpretation of the Rule 68 offer. *See also Rivero v. Cach, LLC, et al.*, 2014 WL 4258364, at *1 (E.D.N.Y., Aug. 27, 2014) ("The Court of Appeals [in *Stanczyk*] held that the Rule 68 offer was valid, finding that the fact that an offer does not provide for judgment as to each potentially liable defendant does not render it inoperable for Rule 68 purposes.")

Because this Court finds that the second Rule 68 Offer of Judgment is operative, and Cooper's ultimate recovery was less favorable than the $50,000 offer, Cooper is not entitled to collect costs or fees accrued after April 23, 2019. Cooper's records indicate pre-offer costs of $1,833 (*see* Cabeceiras Supp. Decl. Ex. B), and pre-offer attorneys' fees of $26,750 (*see id.* Ex. A).

### C. Reasonable Hourly Rate

Cooper seeks an hourly rate of $250 for his counsel (Cabeceiras Supp. Decl. ¶ 5), Alexander Cabeceiras, a managing attorney in the Derek Smith Law Group, PLLC, as consistent with the prevailing hourly rates charged by attorneys in this district. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 518 (S.D.N.Y. 2015). The Court finds the $250 hourly rate reasonable for an attorney such as Cabeceiras, who was admitted to practice in 2017.

### D. Reasonable Number of Hours

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). A party seeking attorney's fees should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at

---

[1] "[B]y its own terms, the Offer limits judgment to the City: '*defendant City of New York* hereby offers to allow plaintiff Anna Stancyk [sic] *to take judgment against it* in this action for the total sum of One Hundred Fifty Thousand and One ($150,001.00) Dollars'" *Stanczyk*, 752 F.3d at 283 (emphasis in original).

7

434 (1983). Ultimately, however, the Court does not make "an ex post facto determination of whether attorney hours were necessary to the relief obtained." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Instead, the relevant inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.*

Cabeceiras has provided billing records that contain entries for the hours he worked on this matter, including the date, hours expended, and nature of the work completed. (*See* Cabeceiras Supp. Decl. ¶ 4.) Plaintiff is seeking fees for a total of 244 hours (*see id.*), which are comparable to other hours expended on similar civil rights cases, *see Echevarria*, 102 F. Supp. 3d at 520. However, because Cooper rejected defendants' second Rule 68 Offer of Judgment, the Court is accepting only those hours billed prior to that offer, which amounts to 107 hours in this case.

### E. Costs

Although Cooper seeks $8,537 in costs (Cabeceiras Supp. Decl. Ex. A), defendants object to this amount because it exceeds the total jury verdict of $6,500. (*See* Shanahan Opp'n Decl. ¶ 49.) That fact is not relevant to the Court's award. Pursuant to Rule 68(d), the Court awards plaintiff $1,833 in costs, including $750 in expert fees, incurred prior to defendants' Rule 68 offer of April 23, 2019.

### F. Plaintiff's Failed Claims

"When a plaintiff has . . . prevailed on fewer than all of [her] claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which [she] succeeded." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998). In this case, Cooper brought claims against the four defendants for Title VII hostile work environment, NYSHRL hostile work environment, NYCHRL hostile work environment, Title VII retaliation, NYSHRL retaliation, and NYCHRL retaliation. Plaintiff succeeded against only one defendant, Michael Grummons, on only two of these claims—hostile work environment under both the NYSHRL and NYCHRL. As in *Marchuk*, Cooper's successful claims "involved many of the same operative facts as the failed . . . claims, but the legal theories differed significantly." *Marchuk*, 104 F. Supp. 3d at 369.

The billing records of the Derek Smith Law Group do not specify how much of its work relates to plaintiff's failed claims, but in exercising its discretion to award fees, "the district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Rather, it may "use a percentage deduction as a practical means of trimming fat." *McDonald*

8

*ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006).

Here, it is relevant that Cooper recovered only a fraction of the damages he sought. *See Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992) ("Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought. . . . Such a comparison promotes the court's central responsibility to make the assessment of what is a reasonable fee under the circumstances of the case." (internal quotation marks omitted)); *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." (internal quotation marks omitted)). Cooper originally sought $8 million in compensatory and punitive damages (*see* Shanahan Aff. Ex. K ¶ 2(b)), but received an award of only $6,500 in punitive damages. Because Cooper's recovery was significantly less than the amount he sought, and because he prevailed against only one of four defendants on only two claims in a case containing a wide array of claims primarily against all four defendants, the Court reduces Cooper's pre-offer fees of $26,750 by 80%, yielding a fee award of $5,350.

### G. Plaintiff's Award

As the prevailing party, for the reasons set forth above, Cooper is entitled to receive $5,350 in attorneys' fees and $1,833 in costs.

## IV. DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

### A. Fees and Costs Pursuant to Rule 68

As discussed above, Cooper is barred from recovering attorneys' fees and costs incurred after defendants' Rule 68 offer of April 23, 2019. Defendants claim that, in addition to barring Cooper's recovery, Rule 68 further requires that Cooper pay *defendants*' costs and fees incurred after that date.[2] (*See* Defs.' Mem. at 1, ECF No. 133.) Rule 68(d) instructs that where "the judgment that the offeree [here, Cooper] finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). As Cooper's ultimate recovery was substantially less favorable than defendants' unaccepted offer, the plain language of Rule 68 requires that Cooper pay

---

[2] Defendants claim that these costs and fees should be calculated from the date of their first Rule 68 Offer of Judgment of March 23, 2019. (Defs' Mem. at 2-3.) However, having found that the Rule 68 offer of April 23, 2019, is operative, *see* Section III.B., *supra*, the Court calculates defendants' costs and fees from that date.

9

defendants' post-offer costs. *See Stanczyk*, 752 F.3d at 281 (holding that Rule 68 requires prevailing plaintiffs to pay defendants' post-offer costs, and noting that "every Circuit to have confronted this question appears to have reached the same conclusion"). Defendants' records indicate post-offer costs of $2,398, and they are entitled to receive these costs from Cooper.[3] (*See* Shanahan Supp. Decl. Ex. F; Shanahan Reply Decl. Ex. Z.)

Rule 68 does not require, however, that Cooper pay defendants' post-offer attorneys' fees—the much more substantial sum of $129,091. (*See* Shanahan Supp. Decl. Ex. B; Shanahan Reply Decl. Ex. Z.) The U.S. Supreme Court has held that attorneys' fees are includable as "costs," for Rule 68 purposes, only where those fees are "*properly awardable* [as costs] under the relevant substantive statute." *Marek*, 473 U.S. at 9 (emphasis added). The NYCHRL, in turn, allows the Court to award attorneys' fees only to "the prevailing party." N.Y.C. Admin. Code § 8–502(g). This provision, moreover, has been interpreted to mirror federal civil rights law, *see McGrath v. Toys "R" Us, Inc.*, 3 N.Y.3d 421, 429 (2004), which allows fee awards to prevailing *defendants* "only when the plaintiff's 'claim was frivolous, unreasonable, or groundless.'" *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also* 42 U.S.C. § 1988. Here, defendants, as *non*-prevailing parties—and certainly not subjects of "frivolous, unreasonable, or groundless" litigation—cannot be "properly award[ed]" attorneys' fees consistent with the relevant substantive statute.

This view—that non-prevailing civil rights defendants may not recover attorneys' fees pursuant to Rule 68—has been adopted by virtually every Court of Appeals to consider the question. *See Hescott v. City of Saginaw*, 757 F.3d 518, 528 (6th Cir. 2014) ("Over the years, one appellate court after another has answered that question [whether non-prevailing civil rights defendants may recover fees] in the negative. . . . Today, we join those circuits[.]"); *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1030–31 (9th Cir. 2003); *Le v. Univ. of Pa.*, 321 F.3d 403, 411 (3d Cir. 2003); *Payne v. Milwaukee Cnty.*, 288 F.3d 1021, 1027 (7th Cir. 2002); *EEOC v. Bailey Ford, Inc.*, 26 F.3d 570, 571 (5th Cir. 1994) (per curiam); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989); *Crossman v. Marcoccio*, 806

---

[3] As part of their post-offer costs, defendants also request $5,000 for their expert witness's "preparation and testimony" at trial. (Shanahan Supp. Decl. Ex. F.) However, "it is settled law in this Circuit that 'the expense of an expert's research and analysis in preparing for trial, as distinguished from producing an exhibit, is not a recoverable cost.'" *Hedru v. Metro-North Commuter R.R.*, 433 F. Supp. 2d 358, 360 (S.D.N.Y. 2006) (quoting *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 631 (2d Cir. 1982)). Accordingly, the Court does not award defendants these costs.

F.2d 329, 334 (1st Cir. 1986). *But see Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) (holding to the contrary without analysis).[4]

Though the Second Circuit has not passed directly on this issue, it has strongly endorsed the prevailing reasoning in dicta. In *Stanczyk*, after holding that Rule 68 requires a prevailing plaintiff to pay the defendant's post-offer costs, the Second Circuit cautioned that "our conclusion in no way dictates that a prevailing plaintiff . . . would be liable for a defendant's post-offer attorney's fees." *See Stanczyk*, 752 F.3d at 282. Citing *Marek*'s restriction of such fee awards to those "*properly awardable* under the relevant substantive statute," the panel noted that "we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action." *Id.* (quoting *Marek*, 473 U.S. at 9).

Indeed, holding otherwise would undermine the plaintiff-protective purposes of state and federal civil rights law. S*ee, e.g.*, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418 (1978) ("[T]he [civil rights] plaintiff is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968))); *Chauca v. Abraham*, 30 N.Y.3d 325, 333 (2017) ("[T]his Court has acknowledged that all provisions of the NYCHRL must be construed 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" (quoting *Albunio v. City of New York,* 16 N.Y.3d 472, 477-78 (2011))). As the present case demonstrates, if Rule 68 compelled prevailing civil rights plaintiffs to pay defendants' oft-significant post-offer attorneys' fees—despite underlying statutes preventing even prevailing *defendants* from recovering such fees in non-frivolous suits—the "chilling effect on the initiation of civil rights actions [would] attain glacial magnitude." *Crossman*, 806 F.2d at 333. This Court thus adopts the "popular understanding of Rule 68," S*eidman v. Authentic Brands Grp. LLC*, No. 19-Cv-8343 (LJL), 2020 WL 1922375, at *4

---

[4] Though these cases all dealt with fee awards in the context of federal civil rights claims, because "[t]he standards for awarding attorneys' fees under the NYCHRL mirror those that govern such awards in federal civil rights cases," *Tate v. Levy Rest. Holdings, LLC*, 150 F. Supp. 3d 245, 249 (E.D.N.Y. 2015), the analysis here is the same.

11

(S.D.N.Y. Apr. 21, 2020), and holds that a non-prevailing civil rights defendant may not recover attorneys' fees incurred after a rejected Rule 68 Offer of Judgment.

### B. Fees Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927

Defendants also seek fees and costs for their successful defense of plaintiff's Title VII claims pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. (*See* Defs.' Mot., ECF No. 130.)

42 U.S.C. § 1988 provides that "a district court in its discretion may award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.*, 434 U.S. at 421. The Court finds that this action was not so "frivolous, unreasonable, or without foundation" as to warrant the award of fees. Indeed, the jury found that Cooper had prevailed by a preponderance of the evidence on his state and city hostile work environment claims.

Similarly, 28 U.S.C. § 1927 provides that an attorney who "unreasonably and vexatiously" multiplies the proceedings "may be required . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Court also declines to award fees to defendants under 28 U.S.C. § 1927.

### V. CONCLUSION

For the foregoing reasons, Cooper's motion for a new trial on damages is denied, but he is awarded $5,350 in attorneys' fees and $1,833 in costs. Defendants' motions for attorneys' fees and expert fees are denied, but they are awarded $2,398 in costs.

Dated: New York, New York
       March 29, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.